IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT A. MELBY,

      Plaintiff,        ORDER

v.

                   13-cv-268-wmc

CAROLYN W. COLVIN,
Acting Commissioner Social Security Administration,

      Defendant.

---

  This is an action for judicial review of an adverse decision of the Commissioner of Social Security brought pursuant to 42 U.S.C. § 405(g). Scott A. Melby contends that the Administrative Law Judge ("ALJ") erred in finding that he was not disabled under the statute. Since the ALJ's proposed Residual Functional Capacity ("RFC") finding fails to account for deficiencies in his concentration, persistence and pace ("CPP") in direct violation of settled Seventh Circuit case law, the court is of the opinion that remand is required, but will give the Commissioner an opportunity to respond before ordering remand and such other relief as may be appropriate to deter her apparent unwillingness to consent to remand.

  Specifically, Melby contends that the RFC formulation and related questions to the vocational expert failed to account for his limitations in CPP despite medical evidence of depression. For example, Dr. Turner opined that Melby "definitely meets clinical criteria for depression" and prescribed citalopram with the possibility of psychotherapy. (AR 477, 481).

Based on this medical evidence, the ALJ found that Melby had moderate limitations in "concentration, persistence and pace". (AR 45). Once this finding was made, Melby argues persuasively that the ALJ should have properly oriented the vocational expert to Melby's CPP limitations at step five of the evaluation process. In *O'Connor–Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010), the court held that an ALJ must orient a vocational expert to the "totality of a claimant's limitations," including limitations in "concentration, persistence and pace." *Id*. at 609; *see also Craft v. Astrue*, 539 F.3d 668, 677-78 (7th Cir. 2008) (limiting hypothetical to simple, unskilled work does not account for claimant's difficulty with memory, concentration, or mood swings); *Young v. Barnhart,* 362 F.3d 995, 1003-1004 (7th Cir. 2004).

This is hardly the first time that the Commissioner has stubbornly refused to acknowledge the import of *O'Connor-Spinner*. Indeed, the Seventh Circuit has repeatedly critiqued the Commissioner for her continued efforts to defend these actions without meaningful, never mind persuasive, legal analysis. *See Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009); *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014). To no avail, this court, too, has echoed the Seventh Circuit.[1] *See e.g., Byczek v. Colvin*, 11-CV-434-WMC, 2014 WL 1233667 (W.D. Wis. Mar. 25, 2014) (ALJ found moderate limitations in concentration but also found that the residual functional capacity involved performing

---

[1] The Western District of Wisconsin is hardly alone in reading *O'Connor-Spinner* to mandate remand where a conflict exists in an ALJ's CPP findings and RFC formulation. *See Gray v. Astrue*, 2009 WL 1228632 (N.D. Ind. May 1, 2009); *McGee v. Astrue*, 770 F.Supp.2d 945, (E.D.Wis. 2011) (remand for use of simple, routine, repetitive when moderate CPP found); *Kell v. Astrue*, 2011WL 2970891 (S.D. Ind., July 21, 2011) ("(T)he ALJ's failure to include a moderate difficulty in concentration, persistence, and pace in his hypothetical question to the VE requires remand.").

simple, routine work); *Traver-Musselman v. Colvin*, 12-CV-423 2014, WL 1007302 at *8 (W.D. Wis. March 14, 2014). In *Traver-Musselman*, Dr. Ludvigson's mental limitations were not put to the vocational expert despite the ALJ purporting to assign great weight to that opinion. There, too, the Commissioner was unable to articulate any reason why *O'Connor–Spinner* did not control, yet refused to consent to a remand. *Id*. at 8; *see also, Marchel v. Astrue*, 12-CV-47 (W.D.Wis., Nov. 16, 2012). While the entire Social Security Administration, certainly including overburdened ALJs, have been given the Herculean task of moving a mountain of claims, this does not excuse burdening the courts, plaintiffs and indeed its own lawyers with obviously meritorious appeals requiring remand.

Granted, this case is not one where the ALJ has used the phrase "simple, routine tasks" to account for moderate deficiencies in CPP. Still, it is a case where the RFC appears not to account for credited deficiencies in concentration and persistence, and certainly not for pace. Specifically, the ALJ qualifies the moderate limitations in concentration and persistence because Melby "was very good at reading, watching television, gardening and sports cards."[2] (AR 45.) However, even if the court were to assume that the ALJ's credited limitations for concentration and pace were appropriately

---

[2] Even this reading begs a question: if the ALJ meant to account for concentration and persistence -- by effectively saying that Melby was good in both these areas -- why did the ALJ make a finding of "moderate," rather than "mild," limitation in CPP? While the court is reticent to speculate, a fair inference can be made that deficiencies in *pace* must have provided the tipping point for the moderate finding in CPP. Because of this, however, there was perhaps even more of a need to orientate the VE as to the third leg of the CPP limitation. The ALJ's failure to do so only tends to place a brighter spotlight on the issue, as well as provide another reason for remand -- the need for clarification. *See Ehrhart v. Secretary of Health and Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992) (The ALJ must also explain his "analysis of the evidence with enough detail and clarity to permit meaningful appellate review").

accommodated for in the RFC by this observation -- contrary to prevailing case law -- the RFC still lacks *any* even arguable accommodation for Melby's *pace*.

A vocational expert "must consider deficiencies in [1] concentration, [2] persistence and [3] pace." *O'Connor–Spinner*, 627 F.3d at 619. If the proper question is not posed to the vocational expert regarding the claimant's limitations in the RFC formulation, the expert's opinion is obviously tainted. Moreover, reliance on such an opinion leads the ALJ into error and warrants a remand. *Id.* at 620-21. Here, the ALJ did not translate moderate limitations, at least with respect to pace. This case starkly mirrors many of the other CPP cases that the Seventh Circuit, this court and other district courts have repeatedly found require remand. *See* discussion, *supra*.

Compounding the court's concern with the Commissioner's refusal to stipulate to remand is her glaring failure to point to any of the exceptions recognized in *O'Connor–Spinner.* On the contrary, the Commissioner's brief seeks to shift the onus back on Melby to provide the proper verbiage for how pace should have been proposed to the vocational expert. As Melby rightly points out in his reply brief, however, at step five the burden shifts back to the Commissioner to support any finding with substantial evidence. Having made a finding that Melby had moderate limitations in CPP, the Commissioner was required to translate those limitations into relevant questions for the purposes of the vocational expert. In any event, no reading of *O'Conner-Spinner* shifts the burden back to the claimant at step five.

Moreover, the Commissioner need only look to decisions that pre-dates this one for an indication of what may be appropriate. For example, in a recent case before this

4

court, the ALJ found moderate limitations in CPP. *See Ambelang v. Colvin*, 12-cv-805-wmc, 2014 U.S. Dist. LEXIS 138227, at *1(WIWD September 30, 2014). There, the ALJ stated that the claimant should be "free of fast-paced production requirements, require[ing] only simple work-related decisions and few changes day-to-day." *Id.* at 5-6 While the case was remanded for failing to accommodate deficiencies with respect to concentration and persistence, the court stated that the "the RFC limitations do seem to accommodate for [claimaint's] limitations as to pace." *Id.*

Having found that the Melby was moderately limited in CPP, the court is at a loss as to why the ALJ did not seek to accommodate the pace limitation with verbiage that resembles the RFC verbiage in *Ambelang*. Had she done so, it is likely that the parties, counsel and the court would not be confronting a seemingly obvious error in the ALJ's decision necessitating remand. In light of this record, the court directs the Commissioner to advise within 30 days why remand is *not* required and double attorney fees and costs should not be awarded to plaintiff as a sanction. If the Commissioner concludes before that time that remand *is* necessary, the parties are instructed to stipulate to a remand pursuant to sentence four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g), including an award of reasonable fees and costs awarded to plaintiff. Any stipulation should make reference to the deficiencies discussed in this order, along with any other arguably meritorious deficiencies raised in briefing in order to assist the ALJ on remand.

ORDER

IT IS ORDERED that the Commissioner shall advise why remand is not required *and* why double fees and costs are not awarded to plaintiff on or before **November 10, 2014**.

Entered this 9th day of October, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge